UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAMES Q. OPPERMAN,<br><br>Defendant. | ) | Criminal Action No. 2:26-cr-00018-SCM-CJS<br><br>**MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

James Opperman allegedly engaged in sexual conduct with a minor under the age of 18 and was subsequently indicted on two charges: (1) violating 18 U.S.C. § 2422(b) by using "any facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce [the minor] to engage in sexual activity for which he could be charged with a criminal offense; and (2) violating 18 U.S.C. § 2423(a) by knowingly transporting the minor "from Kentucky to Ohio, with the intent to engage in . . . sexual activity for which he could be charged with a criminal offense." [Dkt. 1 at 1–2]. Opperman has moved to dismiss both counts. [Dkt. 25]. But he has not provided a valid basis to dismiss either count. Opperman's arguments on Count 1 are unavailing as a matter of law. And his arguments on Count 2 go to the sufficiency of the evidence, not the sufficiency of the Indictment. In other words, his argument on Count 2 is one that should be presented to the jury—or to the Court in a Rule 29 motion following the close of the Government's proof. Therefore, the motion to dismiss is **DENIED**.

## I. Background

A federal grand jury indicted Defendant James Opperman on one count of violating 18 U.S.C. § 2422(b) (using a means of interstate and foreign commerce to entice a minor to engage in sexual activity) and one count of violating 18 U.S.C. § 2243(a) (transporting a minor in interstate commerce with the intent to engage in illegal sexual activity). [Dkt. 1 at 1–2]. Opperman filed a motion to dismiss both counts of the indictment. [Dkt. 25]. First, he contends that Count 1 fails for lack of particularity. [*See* Dkt. 25 at 12–17]. Second, he asserts that Count 2 must be dismissed because it alleges that he took the minor to Ohio to engage in illegal sexual activity, but he says the sexual activity in question was not criminal under Ohio law. [*See* Dkt. 25 at 7–12]. The Court held a hearing on the motion to dismiss and then took it under advisement. [Dkt. 35].

## II. Analysis

Opperman brings his motion to dismiss under Federal Rule of Criminal Procedure 12(b)(3)(B), which allows a Defendant to challenge the sufficiency of an indictment for lack of specificity and failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(iii), (v). In ruling on a motion to dismiss, the Court does not "evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). Instead, its review is limited to the "four corners of the indictment." *United States v. Johnson*, 764 F. Supp. 3d 566, 569 (E.D. Mich. 2025) (citing *Landham*, 251 F.3d at 1079). In reviewing the indictment, the Court must "accept[] the factual allegations" contained therein as true. *United States v.*

*Killingsworth*, No. 21-3028, 2022 WL 294083, at *5 (6th Cir. Feb. 1, 2022) (quoting *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007)).

Federal Rule of Criminal Procedure 7(c) mandates that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." A federal indictment is sufficient if it "charge[s] each element of the crime, fairly inform[s] the defendant of the charges, and protect[s] the defendant against double jeopardy." *United States v. Deakins*, 152 F.4th 693, 703 (6th Cir. 2025) (citing *United States v. Rankin*, 929 F.3d 399, 404–05 (6th Cir. 2019)), *cert. denied*, 146 S. Ct. 2572 (2026). Ordinarily, an indictment is satisfactory if it "set[s] forth the offense in the words of the statute itself, as long as 'those words . . . set forth all the [necessary] elements.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). But there must be enough factual specificity from which a Defendant can guard against double jeopardy in the future, such as the inclusion of "the relevant time period and the specific event that triggered the charge." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010). "To be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992) (citing *Fleisher v. United States,* 302 U.S. 218 (1937)). Under these standards, the Indictment in this case is legally sufficient, and therefore cannot be dismissed under Rule 12.

**A. Count 1 adequately alleges a violation of 18 U.S.C. § 2422(b).**

Count 1 alleges a violation of 18 U.S.C. § 2422(b). It states:

> On diverse occasions, between on or about June 16, 2025, and continuing through on or about October 20, 2025, in Grant County, in the Eastern District of Kentucky, and elsewhere, JAMES Q. OPPERMAN used any facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce L.H., an individual who had not attained the age of 18 years, to engage in sexual activity for which he could be charged with a criminal offense, all in violation of 18 U.S.C. § 2422(b).

[Dkt. 1 at 1]. This language adequately alleges the charged offense because it sets forth the essential elements of the charged offense and also fairly informs Opperman of the charge and protects him from double jeopardy. *See Deakins*, 152 F.4th at 703 (citing *Rankin*, 929 F.3d at 404–05).

The essential elements of a violation of § 2422(b) are: "(1) the [Defendant] used interstate commerce in an attempt to knowingly persuade an individual under the age of 18 to engage in sexual activity; (2) [the Defendant] believed that such an individual was less than 18; and (3) that if sexual activity had occurred, [the Defendant] could have been charged with a criminal offense." *United States v. Hart*, 635 F.3d 850, 855 (6th Cir. 2011). The allegations in Count 1 plainly satisfy these elements.

Not only does Count 1 adequately allege the elements of the offense, but it also properly informs Opperman of the charge and protects him from double jeopardy. It does this by notifying him of: (1) what he is alleged to have done (*i.e.*, using a facility or means of interstate commerce to knowingly inducing a minor to engage in illegal sexual activity); (2) against whom he is alleged to have committed this offense (*i.e.*, a

specific minor, L.H.); and (3) when and where he is alleged to have committed it (*i.e.*, Grant County, Kentucky, between June 16, 2025, and October 20, 2025). The indictment does not have to be any more specific.

Relying largely on *Hamling* and *Russell v. United States*, 369 U.S. 749 (1962), however, Opperman contends that Count 1 must be dismissed "because it does not apprise Opperman of what acts he is accused of committing." [Dkt. 25 at 12]. First, Opperman argues that Count 1 is facially deficient because it does not identify the underlying state offense he is alleged to have committed. [Dkt. 25 at 14]. But the indictment is not required to do that. The criminal offenses for which Opperman could be charged are not elements of § 2422(b), so their inclusion was not necessary to fairly appraise him of the crime with which he has been charged. *See Hart*, 635 F.3d at 856; *see also Deakins*, 152 F.4th at 704–05 (concluding the same about § 2421). Criminal defendants do not have to be informed of the "exact method by which the criminal actions were alleged to have been committed." *United States v. Sauer*, No. 3:23-CR-72-CRS, 2024 WL 4030687, at *2 (W.D. Ky. Sep. 3, 2024) (quoting *Martin v. Kassulke*, 970 F.2d 1539, 1543 (6th Cir. 1992)). Therefore, Count 1 does not fail for omitting the underlying offense.

Next, Opperman argues that Count 1's broad date range does not adequately protect him from double jeopardy. [Dkt. 25 at 16]. Once again, he is wrong. The indictment alleges that the enticement occurred around June 16 to October 20 of 2025. [Dkt. 1 at 1]. That date range is not impermissibly broad. Plenty of cases—including *Deakins*, which Opperman relies on—have upheld indictments with even

broader ranges. *See Deakins*, 152 F.4th at 704 (upholding an indictment that charged criminal activity occurring between November 1998 to June 2000). Furthermore, the alleged location of Grant County is not too broad either. *See, e.g.*, *id.* at 704 (upholding an indictment that listed "Tennessee and elsewhere" as legally sufficient).

Finally, Opperman argues that the indictment fails as a matter of law to the extent that the Government will use Kentucky statutes to show that Opperman could be charged with a crime for sexual activity that occurred in Ohio. [Dkt. 25 at 16–17]. But at oral argument, the Government asserted that Kentucky statutes were being used as predicate offenses for Kentucky-based sexual activity. This negates Opperman's argument on this point.

**B. Count 2 adequately alleges a violation of 18 U.S.C. § 2423(a).**

Count 2 alleges a violation of 18 U.S.C. § 2423(a). It states:

> On or about July 6, 2025, in Grant County, in the Eastern District of Kentucky, and elsewhere, JAMES Q. OPPERMAN knowingly transported L.H., an individual who had not attained the age of 18 years, in interstate and foreign commerce, from Kentucky to Ohio, with the intent to engage in any sexual activity for which he could be charged with a criminal offense, all in violation of 18 U.S.C. § 2423(a).

[Dkt. 1 at 1–2].

The elements of § 2423(a) are: (1) "the [D]efendant knowingly transported an individual"; (2) "the individual transported was under 18 years of age"; (3) the [D]efendant intended the individual to engage in criminal sexual activity"; and (4) "the transportation was in interstate commerce." Sixth Circuit Pattern Jury Instructions § 16.10 (2026); *see also United States v. Chambers*, 441 F.3d 438, 450 (6th Cir. 2006). Once again, the underlying criminal offense is not an element of the

statute. *Sauer*, 2024 WL 4030687, at *2 (citing *United States v. Lawrence*, 187 F.3d 638 (6th Cir. 1999)). As with Count 1, the Indictment adequately pleads the elements of this offense and does so with enough particularity that it properly informs Opperman of the charge and protects him from double jeopardy. Thus, Count 2 is also sufficient.

Not so, says Opperman. He contends that he cannot be charged with a crime based on the sexual activity that allegedly occurred in Ohio because that activity was not illegal under Ohio law. [Dkt. 25 at 7–9]. Therefore, according to Opperman, he could not have transported L.H. to Ohio *with the intent to engage in any sexual activity for which he could be charged with a criminal offense.* [*Id.*]. Opperman makes this argument in the context of the Government's response to his request for a bill of particulars. [Dkt. 25-2; Dkt. 25-3]. In response to that request, the Government informed Opperman of a number of Kentucky and Ohio statutes that contain offenses for which the Government says he could have been charged based on his conduct. [Dkt. 25-3]. But according to Opperman, he cannot be charged with a criminal offense under any of those statutes. First, he argues that the Kentucky statutes cannot reach into Ohio to govern behavior there. [Dkt. 30 at 6–7]. Second, he argues that he cannot be charged with a crime under Ohio law because the victim, L.H., was above the age of consent in Ohio. [Dkt. 30 at 7–9]. So, in Opperman's view, Count 2 fails as a matter of law because there is no scenario in which he can be said to have transported L.H. across state lines with the intent to engage in sexual activity *for which he could*

*be charged with a criminal offense*. But it is not that simple. Ultimately, Opperman's argument presents a question for a jury, not grounds for dismissal.

Opperman is correct that Kentucky's statutes do not have extraterritorial effect in Ohio.[1] *See Bigelow v. Virginia*, 421 U.S. 809, 824 (1975) ("A State does not acquire power or supervision over the internal affairs of another State merely because the welfare and health of its own citizens may be affected when they travel to that State."). But that does not get him very far. Ohio law certainly governs what happens in Ohio, and the Government argues that Opperman could be charged with a criminal offense under Ohio law for engaging in sexual activity with L.H. notwithstanding Ohio's general age of consent. Specifically, the Government argues that Opperman could be charged with sexual battery under Ohio Rev. Code Ann. § 2907.03(A)(5), which criminalizes sexual conduct within an *in loco parentis* relationship. [Dkt. 28 at 8–9].

---

[1] In its Response to the Motion to Dismiss, the Government also argues that the criminal offenses for which Opperman could be charged as a result of transporting L.H. across state lines to engage in sexual activity include various criminal conspiracy offenses under Kentucky law. [*See* Dkt. 28 at 7–8, 10]. But if the sexual acts that occurred in Ohio were legal under Ohio law, it is unclear whether Opperman could be criminally charged under Kentucky law for entering into a conspiracy in Kentucky to travel to Ohio and commit acts that—while unlawful in Kentucky—are lawful in Ohio. The Court need not decide this question because the Government has—at the very least—presented a factual question as to whether Opperman could be charged with a crime under Ohio law for the sexual activity that allegedly occurred in Ohio. Thus, the indictment survives the motion to dismiss because there is at least one avenue through which a jury could conclude that Opperman transported L.H. across state lines with the intent to engage in sexual activity for which he could be charged with a criminal offense.

Opperman's response to this is that the facts do not support a finding that he and L.H. were in an *in loco parentis* relationship, and therefore he could not have been charged with an offense under Ohio Rev. Code Ann. § 2907.03(A)(5). [Dkt. 30 at 7–9]. But that is an argument to be made to a jury—or perhaps to the Court on a Rule 29 motion following the close of the Government's proof. On a Rule 12 motion to dismiss an indictment, the Court cannot weigh the evidence because that would invade the province of the jury. *See United States v. Hatfield*, No. 6:22-CR-07-CHB-HAI-2, 9, 2023 WL 3922627, at *3 (E.D. Ky. Feb. 8, 2023) (quoting *United States v. Jarrett*, No. 3:12-CR-144, 2013 WL 1117871, at *5 (E.D. Tenn. Jan. 18, 2013)). Rather, to the extent there are any factual disputes, the Court must accept all of the Government's factual allegations as true, *see Killingsworth*, 2022 WL 294083, at *5 (quoting McAuliffe, 490 F.3d at 531), and must resolve all factual disputes in favor of the indictment, *see United States v. Chapman*, No. 11-51-GFVT, 2012 WL 6049629, at *2 (E.D. Ky. Dec. 5, 2012) (citing *United States v. Kurleman*, No. 1:10-cr-14-3, 2010 WL 3585681, at *3 (S.D. Ohio Sep. 10, 2010)). Here, that means the Court must assume—at least at this stage—that the Government is correct that Opperman could be charged with a criminal offense under Ohio law. So Count 2 cannot be dismissed based on Opperman's argument to the contrary.

This is even more obvious when one considers that Ohio has no bright-line rule regarding *in loco parentis* status. Instead, as many as nine factors are weighed in making that determination. *See State v. Rohn*, No. 2020-L-006, 2020 WL 7696060, at *4 (Ohio Ct. App. Dec. 28, 2020) (citing *State v. Abubakar*, No. 11AP–440, 2011 WL

6152854, at *4 (Ohio Ct. App. Dec. 8, 2011)). Making this determination would require the Court to resort to outside evidence—*i.e.*, evidence that does not appear on the face of the indictment and is therefore inappropriate to consider on a Rule 12(b)(3)(B)(v) motion. At bottom, the question before the Court is whether it is legally possible for Opperman to be charged with a crime for taking L.H. to Ohio to engage in sexual activity. It is.

Opperman's argument against the validity of Count 2 relies heavily on *United States v. Joyner*, No. 1:20-cr-33-ECM-SMD, 2021 WL 3206797 (M.D. Ala. June 10, 2021). But *Joyner* is materially different from this case. In *Joyner*, the defendant was charged with violating 18 U.S.C. § 2423(a) by "transport[ing] a minor from Alabama to Georgia with the intent that she engage in sexual activity for which someone could be charged with second-degree rape under Ala. Code § 13A-6-62." *Id.* at *1. In other words, the indictment specifically alleged that the defendant had violated Alabama law by engaging in certain sexual activity in Georgia. *See id.* The defendant moved to dismiss, arguing that the indictment was defective because he could not have had the intent to violate Alabama law with conduct occurring in Georgia. *See id.* at *3. A Magistrate Judge agreed and recommended that the indictment be dismissed without prejudice. *See id.* at *7.[2] But that has no relevance

[2] Following the Magistrate's Report and Recommendation, the Government moved to dismiss the indictment without prejudice. That motion was granted. *See United States v. Joyner*, No. 1:20-cr-33-ECM-SMD, [Dkt. 95 therein] (M.D. Ala. June 21, 2021). The Government re-indicted Joyner on the same charge a few weeks later. *See United States v. Joyner*, No. 1:21-cr-339-RAH-SRW, [Dkt. 1 therein] (M.D. Ala. July 14, 2021). That indictment was also dismissed without prejudice. *See id.*, [Dkt. 79 therein] (M.D. Ala. Jan. 27, 2022). Joyner was then indicted for a third time on

to the present case. The key distinguishing point is that the indictment in *Joyner* specifically alleged that the defendant violated § 2423(a) by taking a minor to Georgia with the intent to engage in sexual activity that would violate *Alabama* law. This means that the indictment in *Joyner* contained a legal defect *on its face*. *Joyner* would be analogous if Opperman's indictment said that he took L.H. to Ohio with the intent to violate *Kentucky* law, but it says nothing of the sort. Instead, Count 2 simply alleges that Opperman took L.H. to Ohio with the intent to engage in sexual activity for which he could be charged with a crime. [*See* Dkt. 1 at 2]. And the Government has identified an *Ohio* law that it says Opperman *could* be charged with violating. That—plus the different wording in Opperman's indictment—makes the reasoning from the *Joyner* opinion completely unsuited for this case.[3]

## III. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Opperman's Motion to Dismiss the Indictment, [Dkt. 25], is **DENIED**. It is further **ORDERED** as follows:

1. On September 21, 2026, the United States filed supplemental information following the hearing on the Motion to Dismiss. [Dkt. 37]. That information

---

the same charge. *See United States v. Joyner*, No. 1:22-cr-242-ECM-JTA, [Dkt. 1 therein] (M.D. Ala. Aug. 16, 2022). The third indictment specified that Joyner had taken a minor to Georgia with the intent to engage in sexual activity for which Joyner could be charged with a criminal offense under *Georgia* law. *See id.* The third indictment was not dismissed, and it ultimately resulted in Joyner's conviction and a sentence of 300 months in prison. *See id.*, [Dkt. 271 therein] (M.D. Ala. Aug. 13, 2024).

[3] Indeed, this case is more analogous to the third indictment against Joyner, which was not dismissed, and which resulted in his conviction.

was taken under advisement along with the rest of the briefing on the Motion to Dismiss. Thus, a period of 30 days from the submission of the supplemental information will be excluded in computing the time within which the trial must commence under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(H). This means that the time between September 21, 2026, and October 21, 2026, will be excluded in computing the deadline for a trial under the Speedy Trial Act.

2. The Court will hold a status conference in this matter on **November 5, 2026**, at the hour of **12:30 p.m.**, at the United States Courthouse in **Covington, Kentucky**. The Court will reschedule the trial and pretrial conference at this time and discuss any other issues that the parties desire to address.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky